FILED
 2013 Jun-03 PM 02:21
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA,
# JASPER DIVISION

| | |
|---|---|
| **JENNIFER LEIGH STRACENER,** as Administratrix of the Estate of **CHRISTOPHER SHANE STRACENER, deceased** | )<br>)<br>)<br>)<br>) |
| PLAINTIFF, | )<br>) |
| vs. | ) CASE NO. 6:13-cv-00865-JEO<br>) |
| **CALIFORNIA CARTAGE EXPRESS, LLC, ET AL.,** | )<br>)<br>) |
| DEFENDANTS. | ) |

## ANSWER FOR CALIFORNIA CARTAGE EXPRESS, LLC

Comes now the Defendant, California Cartage Express, LLC, and for answer to the Plaintiff's complaint, states as follows:

1. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

2. Admitted

3. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

4. Admitted.

5. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

6. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

7. This does not require a response from this Defendant.

8. Admitted.

9. Admitted.

10. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

11. Denied.

12. Denied.

13. Denied.

14. This does not require a response from this Defendant.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. This does not require a response from this Defendant.

20. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

21. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

22. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

23. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

24. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

25. This does not require a response from this Defendant.

26. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

27. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

28. The Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

29. Denied.

30. This does not require a response from this Defendant.

31. Denied.

32. Denied.

33. This does not require a response from this Defendant.

34. These allegations do not pertain to this Defendant.

35. These allegations do not pertain to this Defendant.

36. These allegations do not pertain to this Defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Defendant denies each and every material allegation of the Complaint and demand strict proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

Defendant pleads contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads assumption of the risk.

## SIXTH AFFIRMATIVE DEFENSE

Defendant contests damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant pleads intervening, superseding cause.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant pleads sudden emergency.

## NINTH AFFIRMATIVE DEFENSE

Defendant pleads improper venue.

## TENTH AFFIRMATIVE DEFENSE

This defendant is entitled to a set off up to any amount of policy limits available to the plaintiff from any other policy of insurance held by any other defendant(s) in this cause and pleads the same.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant contest service of process.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant contest subject matter jurisdiction.

THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant contest personal jurisdiction.

FOURTEENTH AFFIRMATIVE DEFENSE

An award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

FIFTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States.

SIXTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to the legitimate government interests.

SEVENTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama

which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

It is violative of the Self-Incrimination clause of the Fifth Amendment of the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH AFFIRMATIVE DEFENSE

It is violative of the Self-Incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

TWENTY-FIRST AFFIRMATIVE DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines clause of the Eighth Amendment of the Constitution of the United States.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint denies to the Defendant the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States which is specifically contrary to that portion of said Fourteenth Amendment prescribing any State from denying "to any person within its jurisdiction equivalent protection of the laws" in that to do so discriminates against the Defendant in favor of other Defendants guilty of negligence and wantonness for the reason that it imposes a higher and different standard for

assessing damages against other Defendants which cannot be segregated or portioned separately from the amount of damages assessed against this Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The failure of the law to make provisions for the imposition of but one assessment for damages against all joint tortfeasors, despite different degrees of culpability and wrongdoing, unreasonable acts to establish a classification against this Defendant for acts of negligence and wantonness they did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and to the provisions of the Constitution of the State of Alabama, which requires the State to afford all persons a protection of the law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

If defendant is determined to be jointly and severally liable to plaintiff in this case, Alabama's law of joint and several liability is unconstitutional both on its face and as applied to defendants in this case.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any claim of plaintiff for punitive damages against defendants cannot be sustained, because any award of such damages under Alabama law is not subject to sufficient assurance that juries are not basing that award upon

their desire to punish defendants for alleged harm to persons who are not before the Court, which amounts to a taking of property from Defendants without due process in violation of the Due Process Clause of the United States Constitution as announced in Philip Morris USA v. Williams, ____ U.S. ____, 2007 WL 505781 (Feb. 20, 2007). Specifically, "the Constitution's Due Process Clause forbids a State to use a punitive damage award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation" because: (a) in practice, such an award can impose one State's (or one jury's) policies upon other States; (b) the defendant has no opportunity to defend against the charge of harm to the nonparty by showing that the other injured party was not entitled to recover; © permitting punishment for injury to a nonparty adds a near standardless dimension to the punitive damages equation; and (d) there is no authority supporting the use of punitive damages awards for the purpose of harming others. See id.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege affirmatively that the Wrongful Death Statute, 6-5-410 of the Code of Alabama (1975), as it applies to joint tortfeasors is unconstitutional in that it is punitive in nature, yet there is no provision

under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the Wrongful Death Act is predicated upon the alleged enormity of the wrong committed by the tortfeasor. Therefore, this Act, as it applies to joint tortfeasors, denies each and every defendant equal protection of the laws and violates the United States Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege affirmatively that the Wrongful Death Act of Alabama violates the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Alabama Constitution in that it allows for the imposition of an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability a defendant had, if any. Defendants allege affirmatively that the Wrongful Death Act of Alabama is constitutionally void as to defendants and as applied to the acts and circumstances in this case in that: (a) It operates to create an arbitrary and capricious method and manner for the jury's assessment in determination of damages, without regard for the quality and quantity of culpability of other defendants joined in one action; (b) It operates to deny to defendants a fair opportunity to have the jury assess damages based on defendants' culpability for negligence which

cannot be segregated from allegations of negligence against other defendants; (c) Because the allowable damages are entirely punitive and fail to provide for any compensatory damages, the Wrongful Death Act impermissibly creates a damage award that cannot be reviewed for the proportionality of punitive damages to compensatory damages, thereby impermissibly precluding application of the "proportionality" framework of review of punitive damage verdicts mandated by the United States Supreme Court; (d) In failing to provide for joint contribution and an apportionment of damages among all defendants, it deprives defendants of property without due process of law and contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law; (e) In failing to provide for joint contribution and an apportionment of damages among all defendants, it deprives defendants of property without due process of law contrary to Article I, Section 6 of the Constitution of the State of Alabama which provides, insofar as are germane, that no person shall be deprived of property except by due process of law.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege affirmatively that the determination and assessment of damages under Section 6-5-410 of the Code of Alabama (1975), can be

read neither in pari delicto, nor in pari materia, thereby creating an unreasonable classification denying to defendants equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States and under the provisions of the Constitution of the State of Alabama, as well as depriving Defendants of property without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 6 of the Constitution of the State of Alabama.

## THIRTIETH AFFIRMATIVE DEFENSE

Section 6-5-410 of the Code of Alabama (1975) is violative of the United States and Alabama Constitutions in that it deprives defendants of their right to a jury trial guaranteed by the Seventh Amendment to the United States Constitution and Article I, Section 11 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than defendants or defendants' agents or employees and/or without apportionment of damages based on the degree of culpability of all defendants, if any.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the Fifth Amendment to the United States

Constitution by imposing against a defendant what is essentially a criminal penalty for an alleged capital crime without a presentment to or indictment by a Grand Jury.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the Fifth Amendment to the United States Constitution by imposing against a defendant what is essentially a criminal penalty for an alleged capital crime without providing the protections guaranteed under the Constitution against self-incrimination.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the procedural due process requirements of the Fourteenth Amendment to the United States Constitution by imposing punitive damages, a criminal penalty, based upon a burden of proof that is less than beyond a reasonable doubt.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the procedural due process requirements of the Fourteenth Amendment to the United States Constitution by failing to account for differing degrees of culpability among joint tortfeasors. By

allowing the recovery of all awarded punitive damages against a single defendant without regard to the comparative culpability of all defendants, the statute, as interpreted, deprives defendants of property without the necessary safeguards required by due process.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the substantive due process requirements of the Fourteenth Amendment to the United States Constitution by allowing a jury to award punitive damages in the absence of any reasonably objective criteria to prevent the award of excessive damages. As such, the statute, as interpreted, is fundamentally unfair. The fact that the statute, as interpreted, allows only punitive damages to be awarded magnifies the lack of fundamental fairness in such an award. Instead, the statute, as interpreted, invites the award of excessive damages without the existence of any procedural safeguards to protect against such an award.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the substantive due process requirements of the Fourteenth Amendment to the United States Constitution, unlawfully depriving defendants of property by allowing only punitive damages to be

awarded, which are vague and speculative in nature, without the imposition of procedural safeguards.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the substantive due process requirements of the Fourteenth Amendment to the United States Constitution by failing to account for differing degrees of culpability among joint tortfeasors. By allowing the recovery of all awarded punitive damages against a single defendant without regard to the comparative culpability of all defendants, the statute, as interpreted is fundamentally unfair.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the due process requirements of Article 1, sections 6 and 13 of the Alabama Constitution by imposing punitive damages, a criminal penalty, based upon a burden of proof that is less than beyond a reasonable doubt.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the due process requirements of Article 1, sections 6 and 13 of the Alabama Constitution by allowing a jury to award punitive

damages in the absence of any reasonably objective criteria to prevent the award of excessive damages. As such, the statute, as interpreted, is fundamentally unfair. The fact that the statute, as interpreted, allows only punitive damages to be awarded magnifies the lack of fundamental fairness in such an award. Instead, the statute, as interpreted, invites the award of excessive damages without the existence of any procedural safeguards to protect against such an award.

## FORTIETH AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the due process requirements of Article 1, sections 6 and 13 of the Alabama Constitution, unlawfully depriving defendants of property by allowing only punitive damages to be awarded, which are vague and speculative in nature, without the imposition of procedural safeguards.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the Eighth Amendment of the United States Constitution prohibiting excessive fines. By allowing for only the award of punitive damages, which are criminal in nature and not subject to any reasonably objective criteria, the statute, as interpreted, imposes upon defendants damages which amount to clearly excessive fines. As such, the

statute itself, by providing a vehicle for excessive awards without any safeguard, is violative of the Eighth Amendment.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution by allowing the award of punitive damages against a defendant for only negligent conduct, whereas defendants in other cases are only subject to punitive damages upon a finding of heightened culpable conduct, such as wantonness, fraud, or other intentional conduct. This classification of defendants in wrongful death cases is not rationally related to any legitimate state interest.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Alabama's Wrongful Death Statute, as interpreted by the Alabama Supreme Court, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution by allowing the award of punitive damages against a defendant based upon only a preponderance of evidence burden of proof, whereas defendants in other cases are only subject to punitive damages based upon a clear and convincing evidence burden of proof. This classification of defendants in wrongful death cases is not rationally related to any legitimate state interest.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

These defendants reserve the right to amend this Answer to add any defense which might subsequently be revealed through discovery or otherwise.

        Respectfully submitted,

        S/Russell Q. Allison
        RUSSELL Q. ALLISON (ASB-2495-S81R)
        JORDAN D. WATSON (ASB-2370-O61W)
        Attorneys for the Defendant, California Cartage Express, LLC

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway, Suite 200
Birmingham, Alabama  35216
(205)822-2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on the  3rd  day of   June , 2013, I have served a copy of the above and foregoing on counsel for all parties by:

   √       Using the CM/ECF system which will send notifications of such to the following:

Andrew Moak, Esq.
Matt Abbott, Esq.
Abbot Law Firm, LLC
308 Martin Street North, Suite 200
Pell City, AL 35125

        S/Russell Q. Allison
        OF COUNSEL